UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| ADAM MILLER, | CIVIL ACTION NO. 6:26-cv-40-KKC |
| | Previously 7:25-cv-52-KKC |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| NALLY & HAMILTON ENTERPRISES, | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter comes before the Court on Defendant Nally & Hamilton Enterprises' ("NHE") Motion for Summary Judgment (R. 17). NHE moves for summary judgment on the grounds that the Plaintiff's claims against it are barred by KRS 342.690. Plaintiff did not file a response and the response deadline pursuant to LR 7.1 has long expired.

This case arises from two work-related accidents in which Plaintiff Adam Miller alleges he suffered injuries. (R. 17-1 at 1.) On July 20, 2024, while operating a CAT truck bed lift jack at the direction of NHE, and with CAT representatives on site, the lift jack failed after it had been raised approximately three-quarters of the way, causing Plaintiff to suffer injuries to his lower back and other areas. (*Id.*) Plaintiff alleges that on October 5, 2024, he sustained a second back injury, or an exacerbation of the July 20, 2024 injury, when a tire on a vehicle he was driving blew out. (*Id.* at 2.)

At the time of both incidents, NHE was insured for Kentucky workers' compensation coverage through Rockwood Casualty Insurance Company. (*Id.*) NHE's records reflect that Rockwood assigned claim no. 2088531 to the July 20, 2024 injury and claim no. 2086530 to the October 5, 2024 injury. (*Id.* at 3.) NHE's records further reflect that an Employers' Report of Occupational Injury or Disease was prepared for each incident and that Rockwood paid

medical and indemnity benefits to or on behalf of Plaintiff in connection with both claims. (*Id.*)

NHE argues that KRS 342.690(1) is the "exclusiveness of liability" provision of the Kentucky Workers' Compensation Act and that it bars Plaintiff's civil claims against it. (*Id.*) NHE's argument is simple: on the dates of the injuries, Miller was an employee of NHE acting within the course and scope of his employment. (*Id.* at 4.) On the dates of the injuries, NHE had worker's compensation insurance. (*Id.* at 5.) Accordingly, it argues that Miller is restricted to the filing of a worker's compensation claim and cannot proceed with a civil claim. (*Id.* at 6.)

LR 7.1(c) provides that a failure to timely respond to a motion may be grounds for granting the motion. Even apart from Plaintiff's failure to respond, the Court agrees with NHE's legal analysis and concludes that Plaintiff's claims against NHE are barred by KRS 342.690(1).

Accordingly, the Court hereby ORDERS that the Defendant's Motion for Summary Judgement (R. 17) is GRANTED. A separate judgment will be entered consistent with this opinion.

This 21st day of January, 2026.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**